■ HUDSON HARBOR PRESERVATION ASSOCIATION et al., Respondents, v GORDON J. DAVIS, Individually and as Commissioner of the New York City Department of Parks, et al., Respondents, and HUDSON HARBOR 79TH STREET BOAT BASIN, INC., Appellant. — Order, Supreme Court, New York County (Shorter, J.), dated January 9, 1981, entered February 2, 1981, purporting to join "supplementary-respondent"-appellant Hudson Harbor 79th Street Boat Basin, Inc., as a party to this proceeding, reversed, on the law, and vacated, without costs. Appeal from order, same court, entered February 2, 1981, approving and ordering the provisions of a stipulation entered into between petitioners-respondents Hudson Harbor Preservation Association and those associated with them, and respondents-respondents Mayor and commissioners, dismissed, without costs. Order of same court, in short form in opinion dated January 30, 1981, entered February 4, 1981, purporting to create a "Marina Fund", modified, to the extent appealed from, on the law, to strike therefrom those portions purporting to affect the supplementary-respondent-appellant, as hereinafter set forth without costs. Petitioner-respondent is an association which consists of owners of boats docked at the New York City owned marina at West 79th Street and Hudson River, Manhattan; respondents-respondents are the Mayor and the several heads of those city departments which bear various responsibilities in respect of oversight of the marina; the "supplementary-respondent"-appellant has been for some years, and continues to be the city's licensee to operate the marina. As the result of a fire at the marina, the city undertook certain activities vis-à-vis the tenants, which need not detain us here, being the subject of a separate proceeding pending since November, 1979, and not yet resolved. The instant proceeding was brought in November, 1980 by petitioner-respondent against respondents-respondents, seeking to enjoin threatened eviction by the city of the boat owner tenants at the marina. On January 9, 1981, the hearing court signed an order, entered February 2, joining the licensee as so-styled "supplementary-respondent", though the petition in the case sought no relief against it, and all the evidence before the court had been completed, and the parties were contemplating settlement. The court's declared purpose was to bind the licensee to that settlement. The hearing was not reopened, nor a mistrial declared, nor the petition amended to seek relief against the licensee, either prior to or following joinder of this presumably necessary party. In these circumstances, the order of joinder was obviously improvident, and vacatur is indicated. Another order was entered on February 2 which "so ordered" the stipulation which had been entered into by the tenants' association and the city respondents settling certain aspects of their dispute; this order was formalized in the court's opinion and order, dated January 30, entered February 4, which will be dealt with separately. However, the appeal from the informal order indorsed on and directing enforcement of the January 27 stipulation must be dismissed: there is not a word in the stipulation which directs the supplementary respondent to do or refrain from doing anything, and it is not thereby aggrieved in the slightest. Interestingly, the January 30 decision states specifically that the stipulation has application only to the two parties signatory. The January 30 short form order, entered February 4, requires vacatur to the extent that it affects the supplementary-respondent, against which no relief had been demanded and which never had an opportunity to participate in any way in the proceedings leading to the

adoption of the scheme laid out in that decision. The agreement of the other parties, embodied in the court's order, bound the stipulating parties to engage in an elaborate reconstruction program, to be financed by a certain portion of the fees ordinarily payable by the tenants to the licensee, now directed to be payable to a so-called "Marina Fund" for that purpose. This provision is at least confiscatory of the licensee's property, even though distribution of the fund was to be administered by a court-appointed person, and rigid accounting procedures were outlined. Whatever are the virtues of this plan, it was achieved arbitrarily in an atmosphere devoid of due process. It is not necessary for us to take action in respect of the entire order, but only those parts relating to appellant. Appellant would have no legitimate interest in any other aspect of this order and we therefore deem the notice of appeal from that order, though it calls for outright reversal, to be limited, as we have indicated, only to those portions affecting appellant. Our disposition emasculates the Marina Fund, and the parties who established it are left to their own devices to salvage it. But they cannot by their own agreement, even when court approved, appropriate the funds belonging to another, even for the most salutary purpose. Settle an order which shall specify, in accordance with what is written above, those portions of the order entered February 4, 1981 which affect the supplementary-respondent-appellant licensee, and which are to be stricken. Concur — Ross, J. P., Markewich, Bloom, Fein and Lynch, JJ.